Tina D. **KATRADIS**, Personal Representative of the Estate of James Katradis, Deceased, Appellant,

v.

**DAV–EL OF WASHINGTON, DC,** et al.

No. 87–7155.

United States Court of Appeals, District of Columbia Circuit.

Argued March 14, 1988.

Decided May 20, 1988.

---

Before ROBINSON and SENTELLE, Circuit Judges, and KAUFMAN,[*] Senior District Judge.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Plaintiff brings this appeal contending that the District Court erred in granting summary judgment in an employment discrimination action based on the alleged constructive discharge of her decedent (hereinafter Katradis),[1] in violation of the District of Columbia Human Rights Act, D.C.Code § 1–2502. After review of the various allegations of error, we find that the District Court properly concluded that the defendant was entitled to summary judgment and, therefore, affirm that court's decision.

Many of the facts in this case are undisputed. Katradis commenced employment with defendant's chauffeured limousine service as a driver in September of 1980. He continued in employment, in varying capacities, until September 23, 1985, at which time he resigned. In both 1982 and 1983, Katradis suffered a pulmonary embolism and was out of work for approximately one month each year. During that time he received full salary during each month of his absence and returned to his then position as a dispatcher after each recovery. The terms of his employment entitled him to only two weeks paid vacation and one week sick leave each year.

On December 31, 1984, Katradis entered a hospital where he was determined to have cancer of the colon. He did not return to work until April 22, 1985. Defendant paid Katradis his full salary, plus full benefits for the first month of his absence, and half salary plus full benefits for the remainder of the time. During his convalescence, Jon Goldberg, General Manager of Dav–El, represented to Katradis that he could return to Dav–El once he recovered. The parties dispute the substance of these representations. Defendants contend that

Peter S. Leyton, with whom Rebecca L. Burke and Grace P. Monaco, Washington, D.C., were on the brief, for appellant.

Jeffrey L. Berger, Washington, D.C., was on the brief, for appellees.

* Of the United States District Court for the District of Maryland, sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Mrs. Katradis was substituted as plaintiff after her husband James Katradis' death.

Goldberg merely promised to keep "a job" open for Katradis; plaintiff contends that he was promised "his job" (*i.e.*, evening dispatcher with same salary and benefits) upon his return. Several weeks before his return to work, Goldberg informed Katradis that he, Goldberg, and David Klein, the President of Dav–El, had determined that the evening dispatcher's job would be too stressful for Katradis after his illness and offered him re-employment in a newly created position as bookkeeping assistant at $300.00 per week or $100.00 less than his then current salary.[2] Katradis contends that his health did not affect his ability to function as a dispatcher, and that he tendered to Dav–El management a statement from his doctor so indicating. In any event, Katradis accepted the new position and remained so employed from April 22, 1985 until his September 23, 1985 resignation. He had neither previous experience nor training in bookkeeping. Other facts at this point are in dispute, but taking them in the light most favorable to plaintiff, as we must, for these purposes, *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–2514, 91 L.Ed.2d 202 (1986), defendant offered plaintiff no training in bookkeeping and through head bookkeeper, Debbie Smith, gave him an ultimatum in August, 1985, that he was either to attend and pay for a bookkeeping course within the next 45 days or be terminated.

The District Court ruled that the defendant had established that no genuine issue of material fact remained, and that it was therefore entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In reviewing that decision, we apply relevant substantive law to determine which facts are material and will consider a dispute "genuine" only if "the evidence is such that a reasonable jury could return a verdict for a nonmoving party." *Anderson, supra* at 248, 106 S.Ct. at 2510. We then determine what facts are material to each separate claim, viewing the available facts in the light most favorable to the nonmovant (Katrad-

is), and review the evidence of record to determine whether any genuine disputes exist. *Id.* at 255, 106 S.Ct. at 2513–2514. Each dispositive issue determined by the District Court is discussed separately below.[3]

## A. HANDICAP DISCRIMINATION

■ Since Katradis' claim is based on the disputed proposition that he was demoted and discharged because he was handicapped by cancer, in violation of the District of Columbia Human Rights Act, D.C. Code § 1–2501 *et seq.*, the threshold question is whether or not his cancer amounted to a "handicap" such as to invoke the protection of the Act. As the court below noted, the statute and implementing regulations in effect in 1985, defined "physical handicap" as, "a bodily or mental disablement which may be the result of an injury, illness or congenital condition which does not preclude the capacity to perform a particular job and for which reasonable accommodation can be made." D.C.Code § 1–2502(23); 22 D.C.R. 7031, § 1.b.15. No further definition of "disablement" appears, and the courts of the District of Columbia have not construed the term. Other courts confronted with broadly worded handicap discrimination statutes, have followed the Federal Rehabilitation Act and federal guidelines to determine which disabilities are protected "handicaps." *E.g.*, *Lyons v. Heritage House*, 89 Ill.2d 163, 59 Ill.Dec. 686, 432 N.E.2d 270, 272 (1982). Under that source of law, a condition is a "handicap" protected under the Human Rights Act only if it substantially limits one or more of plaintiff's major life activities. 29 C.F.R. § 1613.702(a). In the present case, plaintiff has presented no evidence that his illness limited his "life activities." However, the D.C. Employment Guidelines have been amended since 1985, in part, to clarify this very ambiguity, 33 D.C.R. 4546 § 500.1–599.1. The amended definition specifically includes cancer as a

---

2. Goldberg and Klein testified by affidavit that Klein was not in fact involved in any relevant employment decision and did not in fact know that Katradis had cancer.

3. While the District Court dealt with other issues, those are not the subject of this appeal and will not be discussed.

protected disability. The courts of the District have not, as yet, had occasion to determine authoritatively whether the "substantial limitation" qualification applies under the D.C. Act today, whether it did before the amended regulations, and, if that regulation amounts to a change, whether or not the change is retroactive.

The District Court found it unnecessary to determine these questions. Since we, like the District Court, find that Dav–El is entitled to the summary judgment for other reasons, we, like the District Court, also decline to attempt that determination.

### B. THE CONSTRUCTIVE DISCHARGE

 Even if plaintiff's condition is held to be a handicap entitling him to the protection of the Act, plaintiff cannot recover on the facts before the Court. Since plaintiff's termination of employment was facially a voluntary termination initiated by him, his claim is founded in a theory of "constructive discharge." For an employment discrimination plaintiff to recover on a constructive discharge theory, he must show, not only discrimination, but also that "the employer deliberately [made] working conditions intolerable and [drove] the employee into an involuntary quit." *Atlantic Richfield v. District of Columbia Commission on Human Rights*, 515 A.2d 1095, 1101 (D.C.App.1986). Otherwise put, a constructive discharge occurs where the employer creates or "tolerates discriminatory working conditions that would drive a reasonable person to resign." *Hopkins v. Price Waterhouse*, 825 F.2d 458, 472 (D.C. Cir.1987). Plaintiff attempted to meet this burden solely by evidence that Goldberg did not talk to him or associate with him and that the bookkeeper had made the above statement regarding a requirement that he obtain and pay for training. The District Court quite rightly held that a reasonable jury simply could not find plaintiff's burden to be met by this evidence.[4]

### C. WRONGFUL DEMOTION

Plaintiff finally claimed recovery for wrongful and discriminatory demotion by the 1985 change in position. The alleged demotion occurred more than one year prior to the bringing of this action. The applicable statute of limitations period for claims brought under the D.C. Human Rights Act is one year. D.C.Code 1–2544 (1981); *Davis v. Potomac Electric Power Co.*, 449 A.2d 278, 280 (D.C.Cir.1982). Plaintiff made no timely filing of a charge or a civil complaint, and has offered no facts to take this case outside the general law. Therefore, the District Court committed no error in allowing Dav–El's motion for summary judgment and the same will be affirmed.

---

**4.** Plaintiff contends that the District Court applied an incorrect test for constructive discharge and required that plaintiff demonstrate "a pattern of continuous, directed, and unmitigated harrassment." It is correct that the District Court opinion contained the phrase of which plaintiff complains, but read in context, it is apparent that the District Court applied no other test than the one set forth in the text of its and this opinion.