Francis J. DASHNAW, Appellee–
Cross–Appellant,

v.

Federico PEÑA, Secretary of
Transportation, Appellant–
Cross–Appellee.

Nos. 92–5256, 92–5274.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 24, 1993.

Decided Jan. 7, 1994.

Charles F. Flynn, Asst. U.S. Atty., argued the cause, for appellant-cross-appellee. With him on the briefs were Eric H. Holder, Jr., U.S. Atty., John D. Bates and R. Craig Lawrence, Asst. U.S. Attys.

Joel P. Bennett argued the cause and filed the brief, for appellee-cross-appellant.

Before: EDWARDS and SILBERMAN, Circuit Judges, and RESTANI,* Judge, United States Court of International Trade.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

This case involves a complaint of age discrimination that was filed in the District Court in 1977. A trial was conducted on the complaint in 1980; subsequently, in 1982, before a judgment had been issued on the complaint, the plaintiff-appellee, Francis J. Dashnaw, retired from his employment with the appellant, the Department of Transportation ("Department"). In 1986, Dashnaw belatedly claimed that his retirement had re-

sulted from a "constructive discharge" due to unlawful age discrimination; however, the complaint was never amended to include this charge and no trial was ever held on the issue. Finally, in 1992, 15 years after the filing of the complaint and 12 years after trial, the trial court issued a final judgment. This judgment not only resolved the original claim of age discrimination, but also the belated claim of constructive discharge.

In this appeal, the Department challenges a portion of the decision of the District Court. Appellant does not contest the District Court's finding that Dashnaw was the victim of age discrimination, but argues that the court erred in finding that Dashnaw was constructively discharged when he left his position in 1982 as a result of a reduction in force at the Federal Maritime Administration ("MARAD"), a division of the Department of Transportation. We reverse the trial court's constructive discharge finding on the ground that there was insufficient evidence to support it. This circuit's precedents make clear that, in order to find constructive discharge, a court must find not merely that a plaintiff employee was subject to intentional discrimination, but also that there were aggravating factors that drove him or her to quit. Because the District Court made no such findings, and because we find the record inadequate to support a claim of constructive discharge, it was error for the trial court to award relief to Dashnaw based on such a claim.

In addition, Dashnaw cross-appeals two aspects of the decision below. First, he contends that the District Court should have retroactively promoted him to the GS–16 level, rather than merely to GS–15. Second, he urges that the trial court should have awarded him additional compensation to help cover the higher taxes he will have to pay because he will receive his backpay in a lump sum.[1]

---

* Sitting by designation pursuant to 28 U.S.C. § 293(a) (1988).

1. Dashnaw also argued in this appeal that the District Court improperly denied his request for prejudgment interest on the portion of his backpay dating from his departure from MARAD in 1982 to the present. However, because we reverse the trial court's finding of constructive discharge, this argument is moot. Both parties

agree that the Government's sovereign immunity precludes interest on backpay claims that grow out of a failure to promote, *see Brown v. Secretary of the Army,* 918 F.2d 214, 218–21 (D.C.Cir. 1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 57, 116 L.Ed.2d 33 (1991), and accordingly agree that Dashnaw cannot collect interest on backpay awarded for the period prior to the time he left MARAD.

We hold that both of these arguments are without merit.

## I. BACKGROUND

Dashnaw was hired by MARAD in 1967 as an engineer at GS–14. In 1977, Dashnaw filed a complaint in District Court alleging employment discrimination on the basis of age, national origin, religion and race. By the time of trial, Dashnaw alleged only that he had been discriminated against on the basis of his age, in violation of the Age Discrimination in Employment Act's ("ADEA") provisions for federal employees, 29 U.S.C. § 633a (1988), chiefly on the ground that he had been denied promotions that went instead to younger candidates.

The District Court conducted a bench trial from April 21 through May 1, 1980. In July 1982, before any judgment had issued in his case, Dashnaw filed a document with the court entitled "Notice of Change in Plaintiff's Employment Status," which read as follows:

> Plaintiff hereby notifies the Court that the position held by the plaintiff at the Maritime Administration was abolished in April, 1982, under reduction in force (RIF) procedure. Plaintiff declined another job offer, resigned and has applied for discontinued service retirement. He is currently unemployed. Since this matter was tried in April, 1980, and has been pending decision since June of 1980, plaintiff respectfully requests that the Court expedite decision in this matter and render a decision within the next thirty (30) days.

Joint Appendix ("J.A.") 139. In the following three years, appellee filed four additional requests for expedited consideration and two motions for status calls. Brief for Appellant at 3. These motions did not allege that he had been constructively discharged nor did they mention the circumstances of his retirement.

In July 1985, the trial court ordered that Dashnaw be promoted to GS–15 retroactive to an unspecified date, and receive backpay. The memorandum accompanying this order did not address plaintiff's 1982 retirement. Appellant moved to amend this judgment on the ground that the District Court's memo-

randum referred to documents that had not been admitted into evidence. The court granted appellant's motion in June 1986, vacating the July 1985 judgment.

On August 19, 1986, appellee filed a two-page motion again requesting expedited consideration of his case. This motion did not use the words "constructive discharge," but did state that: "Plaintiff submits that his retirement in the face of being offered a position with no description or duties was in effect involuntary and would not have occurred if he had not been discriminated against with respect to promotion in the 1970s." Plaintiff's Motion for Decision, reprinted in J.A. 140, 141.

On April 4, 1988, the District Court issued a memorandum finding that Dashnaw had been discriminated against on the basis of his age on four occasions in 1975–76 during which he was denied promotions. However, the trial court's findings made no reference to constructive discharge, and they did not include an order. The District Court invited Dashnaw to propose a remedial order, after which appellee recommended that he be reinstated with backpay as if he had not left MARAD in 1982. Both sides then filed multiple affidavits and exhibits concerning the circumstances surrounding Dashnaw's departure from MARAD. See J.A. 151–220.

The District Court issued a memorandum order on September 11, 1989, finding that Dashnaw was entitled to a retroactive promotion to the GS–15 level, effective two years prior to the date he filed his complaint. See Sept. 11, 1989 Order, reprinted in J.A. 55, 56. The memorandum proceeded to consider the constructive discharge claim, noting that it did not credit appellant's contentions that, when the plaintiff's job had been eliminated in 1982, Dashnaw had been offered an alternative job from which he was likely to attain the promotion to GS–15 which he had long sought. Id. at J.A. 59. The trial court found that Dashnaw was constructively discharged because "a reasonable person would have concluded that those working conditions were intolerable." Id. at J.A. 60.

On May 11, 1992, the District Court issued the order appealed from in this case. This order directed that plaintiff be reinstated as

a GS–15 and receive backpay from 1975 through the date of the order, subject to appropriate mitigation as determined by the parties' subsequent discovery. Because the court found that Dashnaw was constructively discharged in 1982, its backpay award included the years after appellant left MARAD's employ.

## II. DISCUSSION

■ The Department's chief argument is that Dashnaw's constructive discharge claim was not timely raised. The ADEA provides that a federal employee age discrimination plaintiff may not commence a civil suit concerning his claim until thirty days after he has given the Equal Employment Opportunity Commission ("EEOC") notice of his intent to sue:

> When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred. Upon receiving a notice of intent to sue, the Commission shall promptly notify all persons named therein as prospective defendants in the action and take any appropriate action to assure the elimination of the unlawful practice.

29 U.S.C. § 633a(d) (1988). Such notice must be given to the EEOC, or, alternatively, to the plaintiff's employing agency, no later than one hundred and eighty days after the alleged unlawful discrimination occurred. *See generally Stevens v. Department of Treasury,* 500 U.S. 1, 111 S.Ct. 1562, 114 L.Ed.2d 1 (1991) (discussing requirements of 29 U.S.C. § 633a(d)). Appellant contends that Dashnaw did not allege constructive discharge in a timely fashion because he did not mention this claim in any of his filings in the trial court, or give any sort of notice of the claim to the EEOC or to MARAD, until long after the periods allotted by section 633a(d) had elapsed.

While section 633a(d) could be read to support the contention that Dashnaw's constructive discharge claim was untimely, we are unwilling so to hold in light of the Department's handling of the claim before the trial court. The Department's sole response to Dashnaw's belated allegation of constructive discharge in the District Court was to file a series of counter-affidavits that disputed the factual bases of his claim. Indeed, counsel for appellant conceded at oral argument that the Department never suggested to the trial court that Dashnaw's claim was time-barred, and never petitioned for rehearing of the constructive discharge ruling.

Given that appellant has, until now, behaved as if it agreed that the constructive discharge issue was a valid question of the relief available in this case, we will treat this question as falling within the bounds of our decision in *Clark v. Marsh,* 665 F.2d 1168, 1172 n. 4 (D.C.Cir.1981), in which we held that a Title VII plaintiff could recover for constructive discharge despite the fact that she had failed to allege that claim in either her administrative notice or complaint. Because we assume that Dashnaw's constructive discharge claim was properly before the District Court, we will treat the Department's challenge as an attack on the sufficiency of the evidence relied on by the trial court to support its grant of relief based upon that claim.

■ The law of the circuit makes clear that, in order to find constructive discharge in a case involving a claim of discrimination, a District Court must find not only intentional discrimination, but also "aggravating factors." *Clark,* 665 F.2d at 1174; *see also Katradis v. Dav–El of Washington,* 846 F.2d 1482, 1485 (D.C.Cir.1988); *Bishopp v. District of Columbia,* 788 F.2d 781, 789–90 (D.C.Cir.1986). In this case, the District Court found no aggravating factors at all, but simply relied on its finding that MARAD had discriminatorily failed to promote Dashnaw as support for its conclusion that the agency had made appellee's working conditions "intolerable." *See* Sept. 11, 1989 Order, at J.A. 59–60. Under the case law of this circuit, the trial court's findings plainly cannot support a conclusion that Dashnaw was constructively discharged. We also find that the record is insufficient to support a constructive dis-

charge claim. We thus hold that the District Court erred in granting relief based upon the assumption that Dashnaw's employment at MARAD should be deemed to have continued during the years after he left that agency in 1982. Accordingly, appellee is not entitled to reinstatement or to backpay for the period following his departure from MARAD.

■ Finally, we need not linger long on Dashnaw's cross-claims. First, Dashnaw contends that the District Court should have calculated his backpay based upon the assumption that he would have been promoted to the GS–16 level, rather than to GS–15. The District Court found that whether appellee would have been promoted to GS–16 was "subject to speculation," and so refused to order such relief. Sept. 11, 1989 Order, at J.A. 60. Nothing in the record persuades us that this finding is clearly erroneous, and we accordingly uphold it.

■ Dashnaw also argues that the District Court should have granted him additional compensation to help cover the higher taxes he will have to pay because he will receive his backpay in a lump sum rather than as salary paid out over a period of years. Absent an arrangement by voluntary settlement of the parties, the general rule that victims of discrimination should be made whole does not support "gross-ups" of backpay to cover tax liability. We know of no authority for such relief, and appellee points to none. Given the complete lack of support in existing case law for tax gross-ups, we decline so to extend the law in this case. We therefore reject Dashnaw's request for additional compensation to cover his tax liability.

### III. CONCLUSION

For the reasons discussed above, the District Court's finding of constructive discharge is reversed. The District Court's judgment is affirmed in all other respects, and the case is remanded for calculation of the damages owed to appellee Dashnaw.

*So ordered.*