Linda SAYERS, Plaintiff–Appellant,

v.

STEWART SLEEP CENTER, INC., a Florida Corporation d.b.a. Matter Brothers Furniture, et al., Defendants–Appellees.

No. 96–3242.

United States Court of Appeals,
Eleventh Circuit.

March 26, 1998.

Ronald L. Harrop, Steven H. Preston, Orlando, FL, for Plaintiff–Appellant.

Denise Morris Hammond, Jamie Billotte Moses, Orlando, FL, for Defendants–Appellees.

Before HATCHETT, Chief Judge, and TJOFLAT and COX, Circuit Judges.

HATCHETT, Chief Judge:

In this appeal, we reverse the district court's award of attorney's fees to the prevailing defendants in this Title VII sexual harassment lawsuit.

## I.  BACKGROUND

In March 1994, appellant Linda Sayers filed this lawsuit against appellees Stewart Sleep Center, Inc. d/b/a/ Matter Brothers Furniture, Thomas Matter, John Matter, David Matter and Stewart Matter II. Sayers's complaint asserted a cause of action for sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and several claims arising under Florida law.

Matter Brothers Furniture (Matter Brothers) is a retail furniture business with several stores in Florida. In her complaint, Sayers generally claimed that during her employment with Matter Brothers from August 1989 to March 1993 she was subjected to a sexually hostile work environment. The complaint also alleged that the individual appellees were Sayers's direct supervisors. Sayers claimed that they engaged in a pattern of offensive sexual behavior, which included unwelcome physical contact, inappropriate comments and sexual advances.

At a jury trial that took seven days to complete, Sayers's testimony included elaborate details of the specific activities giving rise to her hostile work environment claim. Sayers's own testimony provided much of the factual basis for her case. Several other witnesses, however, corroborated some of Sayers's allegations regarding instances of inappropriate sexual conduct. Sayers's most serious allegation of sexual harassment involved John Matter, whom Sayers accused of sexual battery.

Although denying some of the most egregious of Sayers's allegations, the individual appellees admitted to having engaged in some of the touching and commenting Sayers complained about. They contended, however, that the conduct was not unwelcome or inappropriate. Throughout the litigation, Matter Brothers maintained that Sayers had never been subjected to a sexually hostile work environment. The jury returned a verdict for Matter Brothers.

On December 13, 1995, Matter Brothers filed a motion, with an accompanying affidavit and memorandum of law, to tax attorney's fees. Sayers filed a memorandum of law in opposition to the motion. In its order awarding attorney's fees in the amount of $175,000 to Matter Brothers, the district court concluded that Sayers's claims were "unreasonable and without foundation." Specifically, the court found that Sayers's testimony at trial was "inconsistent and grossly exaggerated," and that Sayers's demand for $34 million in damages was "outrageous and overreaching." Sayers now appeals the district court's attorney's fee award.

Sayers also appeals the district court's refusal to consider her memorandum in opposition to Matter Brothers' bill of costs. In its judgment on the jury's verdict, the district court ordered that Matter Brothers recover its costs from Sayers.* On December 13, 1995, Matter Brothers filed a bill of costs and

---

\* Federal Rule of Civil Procedure 54(d)(1) provides:
  Except when express provision therefore is made either in a statute of the United States or in these rules, costs ... shall be allowed as of course to the prevailing party.... Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

a supporting memorandum of law. The following day, the clerk of court taxed costs against Sayers in the amount of $32,038.32.

On December 29, 1995, Sayers filed a memorandum in opposition to Matter Brothers' bill of costs. Despite rule 54(d)(1)'s express five-day time limit to move the court to review the clerk's taxation, Sayers argued that her response to the bill of costs was timely pursuant to the Middle District of Florida's Local Rule 3.01(b), which provides: "Each party opposing any written motion or other application shall file and serve within ten (10) days after being served with such motion or application, a brief or legal memorandum with citation of authorities in opposition to the relief requested." The district court concluded that local rule 3.01(b) did not modify rule 54(d)(1)'s five-day limit and, accordingly, deemed untimely Sayers's memorandum in opposition to Matter Brothers' bill of costs. The district court therefore declined to consider Sayers's memorandum in ruling that Matter Brothers' costs of $32,038.32 would remain taxed to Sayers.

## II. DISCUSSION

### A.

■■■ District courts are afforded discretion in awarding reasonable attorney's fees to the prevailing party in actions brought under Title VII of the Civil Rights Act. *See* 42 U.S.C.A. § 2000e–5(k) (West 1994). The equitable considerations involved depend, however, upon whether the prevailing party is the defendant or the plaintiff. Policy concerns militate against awarding attorney's fees to defendants in civil rights cases because such practice may discourage plaintiffs from bringing civil rights lawsuits.

In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court enunciated the relevant criteria governing an award of attorney's fees to a prevailing Title VII defendant. The Court held that attorney's fees awards in such cases are appropriate "upon a [district court's] finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421,

98 S.Ct. at 700. The Court further instructed that "[i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421–22, 98 S.Ct. at 700.

This circuit has further clarified the standards that should guide a district court's inquiry into whether a plaintiff's case meets the *Christiansburg* criteria. In *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir.1985), we stated that the factors considered important in determining whether a claim is frivolous include: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." We also noted that determinations regarding frivolity are fact-specific and should be made on a case-by-case basis. *Sullivan*, 773 F.2d at 1189.

■■■ In its order granting Matter Brothers' motion to tax attorney's fees, the district court found that "Sayers established a prima facie case and presented evidence from which a trier of fact could infer a Title VII violation." The district court went on to note that "Sayers' claim was not frivolous; indeed, ... it [was] serious[ ] enough to entertain a trial on its merits." Nonetheless, the court concluded that Matter Brothers was entitled to attorney's fees because Sayers's claims were "unreasonable and without foundation." We review the district court's ruling for abuse of discretion. *Walker v. NationsBank of Florida N.A.*, 53 F.3d 1548, 1559 (11th Cir.1995).

Applying the *Christiansburg* and *Sullivan* criteria to this case, we believe the district court abused its discretion in concluding that Sayers's claim was so unreasonable or unfounded that it merited an attorney's fee award in favor of Matter Brothers. The district court accurately concluded that Sayers presented a prima facie case and that her claim was not frivolous. In fact, the case culminated in a seven-day trial where Sayers presented evidence that the district court

1354

acknowledged "could have led to a favorable finding on some or all of her allegations." The district court, however, improperly concluded that the jury's verdict demonstrated that Sayers was "utterly without credibility." This is precisely the type of post hoc reasoning that the Court in *Christiansburg* cautioned against. Moreover, we recognized in *Sullivan* that credibility may be a relevant consideration if the district court concludes that *all* of the plaintiff's testimony is "pure fabrication." *Sullivan,* 773 F.2d at 1190. The district court in Sayers's case did not make such a finding. Indeed, given the existence of corroborative testimony with respect to some of Sayers's allegations, the district court could not have made such a finding.

■ The district court also deemed significant that "Sayers greedily pursued an obscene $34 million judgment" despite Matter Brothers' settlement offer of $140,000. We disagree with the district court's reasoning. We decline to consider the amount of damages sought in determining whether Matter Brothers was entitled to attorney's fees. Furthermore, under the standards enunciated in *Sullivan,* Matter Brothers' settlement offer should have been a factor weighing in Sayers's favor. In sum, Sayers's claim was not frivolous, unreasonable, unfounded or brought in bad faith. Under these circumstances, we hold that the district court abused its discretion in awarding attorney's fees to Matter Brothers.

### B.

■ We find no merit in Sayers's second issue on appeal. The district court did not err in following the plain language of rule 54(d)(1) to conclude that Sayers's response to Matter Brothers' bill of costs was untimely. The district court therefore acted within its discretion in declining to consider Sayers's opposing memorandum. Accordingly, we affirm the court's ruling that Matter Brothers' costs of $32,038.32 would remain taxed against Sayers.

AFFIRMED IN PART and REVERSED IN PART.