[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
MAY 18, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-12739

_____

D. C. Docket No. 97-01831-CV-AR-E

MARY L. HARRINGTON,

Plaintiff-Appellant,

versus

CLEBURNE COUNTY BOARD OF EDUCATION,
DANNY MOBLEY, individually and in his official
capacity as Superintendent of Education for the Cleburne
County Board of Education, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 18, 2001)**

Before WILSON and COX, Circuit Judges, and RYSKAMP[*], District Judge.

PER CURIAM:

_____

[*] Honorable Kenneth L. Ryskamp, U.S. District Judge for the Southern District of Florida, sitting by designation.

The district court designated for interlocutory review under 28 U.S.C. § 1292(b) both its form pretrial order for employment discrimination actions that allege more than one discriminatory motive and a later order declining to modify that pretrial order. A motions panel of this court granted review.[1]

### *Background*

Mary L. Harrington sued the Cleburne County (Alabama) School Board, its members, and the school superintendent, claiming that she was paid less for her administrative job with the school system than whites and males in comparable positions, in violation of the Equal Pay Act, Equal Protection Clause, and Title VII. In summary judgment proceedings the action came to include (without amendment to the complaint) claims that the Board discriminated against Harrington on the basis of race and sex in imposing additional work on her, not keeping her informed, awarding her less compensatory leave time than others, and in refusing to extend her annual nine-month contract to ten. The district court granted summary judgment on the equal-compensation claims, reasoning that "a deal is a deal," and that once Harrington had accepted her job and salary in settlement of an earlier discrimination action, she

---

[1]   Because § 1292(b) authorizes interlocutory review of orders "involv[ing] a controlling question of law," 28 U.S.C. § 1292(b), discretionary pretrial orders like this one ordinarily do not fall within its purview. *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1386 (11th Cir. 1998) (en banc). But no one here challenges the motion panel's ruling, and we do not revisit the issue.

could not challenge the salary as discriminatory. The unpleaded claims remain to be tried.

Following this partial summary judgment, the district court sua sponte entered a "Special Order in Cases of Disparate Treatment in Which More Than One Proscribed Motivational Factor Is Alleged."[2] The Order gives a plaintiff like Harrington, who alleges more than one basis of discrimination against her, three options for refining her claims if the defendant opts to put her to the choice. First, the plaintiff may limit her claims to one alleged basis of discrimination (for example, race) and abandon all claims resting on other bases (such as ones for sex discrimination). Second, she may choose to pursue an "intersectional" theory of discrimination, that is that the defendant treated her disparately because she belongs simultaneously to two or more protected classes. Third, she may elect to claim distinct grounds of discrimination (*e.g.*, the defendant discriminated against her either because she is black, or because she is female, or both). But the third option carries a price: claims based on distinct kinds of discrimination must be tried separately to the same jury, and the defendant gets to pick which claims are tried first. The court states, moreover, that if the plaintiff chooses the third option, the defendant will be

---

[2]    The order is attached as an appendix to this opinion.

"deemed 'prevailing'" in any partial trial in which the defendant secures a defense verdict.

Harrington sought relief from the Special Order, which the court denied. She refused to abandon either all of her claims of sex discrimination or all of her claims of race discrimination, and when the defendants forced her to choose from the remaining two options, she opted to pursue claims of intersectional discrimination (that is, the theory that she was treated disparately because she is a black woman).[3] In this appeal, Harrington complains that the Special Order imposed on her an unjustifiable "Hobson's choice." Her asserted claims, she says, were based on distinct grounds of race and sex discrimination, and not on the intersectional theory that she elected under duress because of the conditions imposed on the trial of claims based on distinct discriminatory motives.[4] According to her, the Order thus abusively deprived her of her asserted claims and foisted on her claims she did not make and does not wish to prove.

---

[3] Harrington has also pleaded a retaliation claim — that her lower salary and benefits are the result of the earlier lawsuit that she settled — but the district court apparently did not put that claim in the mix.

[4] Harrington does not argue that she wished to try to prove separately *both* discrimination on an intersectional theory *and* discrimination on distinct grounds, *i.e.*, "they discriminated against me either because I am a black woman, or because I'm black, or because I'm female, or any combination of any of the above." So we do not address here the case of a plaintiff forced by the Special Order to abandon one of those three claims.

Pretrial orders on the conduct of litigation are reviewable only for abuse of discretion. *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Protection*, 91 F.3d 1445, 1448 (11th Cir. 1996). We agree with Harrington that parts of the Special Order exceeded the court's discretion.

## *Discussion*

The first step here is to narrow the issues. Harrington did not choose completely to abandon all of her claims based either on race discrimination or on sex discrimination, nor did she have to under the Special Order if she accepted the other conditions. Likewise, the Special Order did not foist an intersectional theory on her unless the Order's third option — separate trials of claims based on distinct discriminatory motives — was itself abusive. Whether the conditions imposed on the third option were abusive is thus the core issue.

The most important of those conditions, separate trials of claims based on distinct grounds of discrimination, was within the court's discretion. Fed. R. Civ. P. 42(b) confers broad discretion on the district court in this area, permitting bifurcation merely "in furtherance of convenience." That is not a high standard, and the district court's concern for clarifying the issues to be tried suffices to permit the court to separate the trials. This court has deplored muddled complaints in employment discrimination and civil rights cases and urged district courts to "take a firm hand" in

5

ensuring efficient and clear proceedings on claims deserving trial. *Chapman v. AI Transport*, 229 F.3d 1012, 1027 (11th Cir. 2000) (en banc); *see also Morro v. City of Birmingham*, 117 F.3d 508, 515 (11th Cir. 1997); *Oladeinde v. City of Birmingham*, 963 F.3d 1481, 1484 (11th Cir. 1992). This action is a poster child for confusion in pleading. The disparate-treatment claims Harrington presently asserts are not explicitly in the complaint. And even though the pretrial order's statement of her position does contain these claims, the statement mixes them in with the equal-compensation claims that Harrington has already lost on summary judgment. Submitting this morass of claims based on different grounds of discrimination to a jury could overwhelm or confuse the jury, and separating trials in some way, such as by the asserted ground of discrimination, is one way of alleviating that confusion. The district court thus had a colorable reason for directing separate trials.

Against this colorable (even if not compelling) reason Harrington has proffered no persuasive prejudice. She complains that it would drain her resources to present the same circumstantial evidence of discrimination twice, but we cannot imagine that the court would waste its time (or the jury's) by requiring the same jury to hear the same evidence more than once. Nor has Harrington pointed to any specific potential evidence that would have to be presented more than once. Separate trials do not, moreover, prevent a jury from awarding Harrington relief on her claims if she has the

evidence to support them. At best, Harrington lost whatever marginal possibility she had of an erroneous verdict in her favor, because of jury confusion, on weak claims. That is not legitimate prejudice.

The district court went too far in two respects, however. The first was in allowing the defense to choose, at its whim, in which order Harrington tries her claims. Because logic does not compel a particular order here (as it would for a bifurcated liability-damages trial, for instance) the order of trial was no doubt a matter in the court's discretion, like the order of proof within a single trial. *See Vaughan v. Tex. Branches, Inc.*, 112 F.2d 536, 537 (5th Cir. 1940). But "in a system of laws discretion is rarely without limits." *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758, 109 S. Ct. 2732, 2735 (1989). At a minimum, we think, the district court had to have had some legitimate reason for letting the defense make a tactical decision for Harrington. The district court was perhaps frustrated at the frequency of muddled pleading in employment discrimination actions. But handicapping Harrington at trial does nothing to address that problem. Harrington does, furthermore, suffer some cognizable prejudice from this condition on her choice. Even if the order of proof is a matter of the court's discretion, a litigant like Harrington can fairly expect that on matters touching at the core of trial strategy— witness order, organization of questioning, and the like — the court will wield its

7

power sparingly, perhaps to avoid wasting time or prejudicing the other side. The court deprived Harrington of that legitimate expectation with no good reason. Worse yet, it left those strategic choices up to the defendants for them to use as they see fit to advance their cause, possibly to Harrington's detriment. We thus think the court abused its discretion in not leaving to Harrington the option of deciding the order in which her claims are tried, or at least in not determining the order of trials on some neutral basis, such as the order in which the complaint pleads the claims grounded on different kinds of discrimination.

The court also went too far in deeming the defendants to be "prevailing" parties ex ante. The Order puts "prevailing" in quotation marks, invoking the language of Title VII's fee-shifting statute and 42 U.S.C. § 1988, and it thus sends a signal that the court will award attorney fees to the defendants if the jury returns a defense verdict at any separate trial. *See* 42 U.S.C. § 2000e-5(k) (authorizing the court to award the "prevailing party" its attorney fees). That signal serves no imaginable purpose other than cowing Harrington into taking the Special Order's second option, however that may benefit the court. The promise to award fees certainly does nothing to clarify the claims actually asserted. The court's promise, moreover, could probably not be legally carried out, at least not as made. A defendant who has prevailed has not "prevailed" unless the plaintiff's action was "frivolous, unreasonable, or without

foundation." *Sayers v. Stewart Sleep Ctr., Inc.*, 140 F.3d 1351, 1353 (11th Cir. 1998) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978)). The Special Order makes no determination that any of Harrington's claims are "frivolous," nor does a defense verdict necessarily imply frivolity. *See Sayers*, 140 F.3d at 1353. The Special Order's promise to deem the defendants "prevailing," should they prevail at either of Harrington's trials, is thus an implicit threat with no legitimate purpose. It was an abuse of discretion.

### *Conclusion*

We can decide only the case before us. Different facts, claims, procedural histories, and so on may properly persuade future panels that one or more provisions of the Special Order are an abuse of discretion in the circumstances of those future appeals. We merely hold here that the court abused its discretion in discouraging Harrington from pursuing the claims she contends she has asserted, first by allowing the defense to choose the order of separate trials and second by threatening to award fees improperly after trial.

We accordingly (1) vacate the order denying Harrington relief from the Special Order to the extent that it amends the pretrial order to show that Harrington is pursuing an intersectional theory of discrimination; (2) vacate the Special Order to the extent it permits the defense to choose the order of separate trials on the distinct

9

theories of discrimination and threatens to impose attorney fees inconsistent with law; and (3) remand with instructions that the district court permit Harrington to articulate her claims anew under the Special Order as altered by our mandate.

AFFIRMED IN PART; VACATED IN PART AND REMANDED WITH INSTRUCTIONS.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

MARY L. HARRINGTON         }

    Plaintiff,            }

v.                       }

CLEBURNE COUNTY BOARD OF  }
EDUCATION, *et al.*,           }

    Defendants.          }

CIVIL ACTION NO.

97-AR-1831-E

## SPECIAL ORDER IN CASES OF DISPARATE TREATMENT EMPLOYMENT DISCRIMINATION IN WHICH MORE THAN ONE PROSCRIBED MOTIVATIONAL FACTOR IS ALLEGED

This order is being entered in this and all other jury cases assigned to the undersigned in which a plaintiff-employee alleges disparate treatment and invokes more than one federal statutory provision proscribing particular conduct in which a defendant-employer has allegedly engaged. The problem inherent in this procedural situation is described in *Sheridan v. E. I. DuPont de Nemours and Company*, 100 F.3d 1061, 1085 (3d Cir. 1995) (Alito, J., concurring in part and dissenting in part), as follows:

> Perhaps the clearest examples are cases in which the plaintiff challenges a single adverse employment action based on two or more alternative grounds, a rather common tactic. *See, e.g., Roxas v. Presentation College,* 90 F.3d 310 (8th Cir. 1996) (plaintiff alleged race, national origin, gender, and age discrimination); *Lawrence v. Nat'l Westminster*

*Bank of N.J.,* 98 F.3d 61 (3d Cir. 1996); *Rabinovitz v. Pena*, 89 F.3d 482 (7th Cir. 1996) (age, religion, and retaliation); *Ford v. Bernard Fineson Dev. Ctr.*, 81 F.3d 304 (2d Cir. 1996) (race, age, and gender); *Hartsel v. Keys*, 87 F.3d 795 (6th Cir. 1996), *cert. denied*, ___ U.S. ___, 117 S. Ct. 683, 136 L. Ed.2d 608 (1997) (age, gender, and retaliation); *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954 (4th Cir. 1996) (age and gender); *Austin v. Owens-Brockway Glass Container, Inc.,* 78 F.3d 875 (4th Cir. 1996), *cert. denied,* ___ U.S. ___, 117 S. Ct. 432, 136 L. Ed.2d 330 (1996) (gender and disability); *Americanos v. Carter*, 74 F.3d 138 (7th Cir. 1996), *cert. denied,* ___ U.S. ___, 116 S. Ct. 1853, 134 L. Ed.2d 953 (1996) (age, gender, and national origin); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995) (age, gender, and national origin); *Meinecke v. H & R Block*, 66 F.3d 77 (5th Cir. 1995) (age and gender); *Johnson v. Office of Senate Fair Employment Practices*, 35 F.3d 1566 (Fed. Cir. 1944) (gender and religion); *Dashnaw v. Pena*, 12 F.3d 1112, 1114 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 959, 115 S. Ct. 417, 130 L. Ed.2d 333 (1994) (age, national origin, religion, and race); *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035 (7th Cir. 1993) (age and gender).

To take one of the many possible combinations of claims, an employee might contend that he or she did not get a promotion (1) because of gender and (2) because of disability. If the record in such a case contains strong evidence of disability discrimination, rejection of the employer's explanation (let us say, inferior qualifications) will not be itself permit a strong inference that the employer's true reason was gender discrimination.

Obviously, no court can outline all possible combinations of claims of employment discrimination.

Unless within seven (7) calendar days after plaintiff(s) receive notice of the setting of a pre-trial conference in the above-entitled case plaintiff fails to amend the complaint to eliminate all claims of prohibited employer conduct <u>except one</u> (not including a claim of retaliation connection with previous prohibited conduct, if

alleged), defendants at the pre-trial conference will be afforded the option of requiring (1) plaintiff to elect a theory of so-called "intersectional" or multi-motivational proscribed conduct; or (2) separating the differing claims for trial *ad seriatum* in the order selected by defendant, employing the same jury. If defendants have interposed the so-called *Mt. Healthy* defense, defendants will be allowed to elect between employing that defense and not employing it in each successive jury proceeding at the beginning of that proceeding. In the event defendants should obtain a favorable verdict on a separate claim thus tried, defendant(s) shall be deemed "prevailing" as to that claim.

In the event plaintiff believes that this case is so unique that this rule should not be applied in this case, plaintiff shall show cause in writing within fourteen (14) calendar days, if plaintiff can do so, why the rule should be not apply in this case.

DONE this 11th day of January, 2000.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT