[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13698
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-81248-DTKH

MARTIN O'BOYLE,

Plaintiff - Appellant,

versus

WILLIAM H. THRASHER,
individually,
GARRET WARD,
individually,
TOWN OF GULF STREAM,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 12, 2016)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Martin O'Boyle appeals from the district court's final order awarding attorney's fees to the Defendants-Appellees, William Thrasher, Garret Ward, and the Town of Gulf Stream, Florida (collectively, the "Defendants"), in a suit he brought pursuant to 42 U.S.C. § 1983. In his action, O'Boyle alleged Fourth Amendment and state law assault and battery claims against the Defendants stemming from two separate interactions he had with Gulf Stream Town Manager Thrasher and Gulf Stream Chief of Police Ward, respectively. We previously affirmed the district court's dismissal of O'Boyle's claims, and described the allegations in detail, in O'Boyle v. Thrasher, ___ F. App'x __, 2016 WL 158757, at *1-*2 (11th Cir. Jan. 14, 2016). On appeal, O'Boyle argues that the district court abused its discretion in granting the Defendants' motion for attorney's fees because his claims were not frivolous. After thorough review, we affirm.

We review a district court's order on attorney's fees for abuse of discretion. Loranger v. Stierheim, 10 F.3d 776, 779 (11th Cir. 1994). We also review for abuse of discretion the determination that a plaintiff's claims are frivolous. Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1179 (11th Cir. 2005) (reviewing for abuse of discretion whether a plaintiff's Americans with Disabilities Act claims were frivolous). The abuse-of-discretion standard of review is "extremely limited and highly deferential." In re Clerici, 481 F.3d 1324, 1331 (11th Cir. 2007)

2

(quotation omitted).  When employing the abuse-of-discretion standard, "we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard."  United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

In a § 1983 case, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  Section 1988 authorizes a fee award to a prevailing defendant, since Congress intended "to protect defendants from burdensome litigation having no legal or factual basis." Fox v. Vice, 563 U.S. 826, __, 131 S. Ct. 2205, 2213 (2011) (quotation omitted). Thus, a prevailing defendant may be awarded attorney's fees if the plaintiff's case was "meritless" in the sense that it was "groundless, . . . frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978).

Factors considered important in determining whether a claim is frivolous include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.  See, e.g., Sullivan v. Sch. Bd. of Pinellas Cty., 773 F.2d 1182, 1189 (11th Cir. 1985). While these general guidelines can be discerned from the case law, they are general guidelines only, not

3

hard and fast rules.  Id.  Determinations regarding frivolity are to be made on a case-by-case basis.  Id.  Furthermore, when determining whether a suit is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful."  Id. (quotations omitted).  A claim is not frivolous when it is "meritorious enough to receive careful attention and review."  Busby v. City of Orlando, 931 F.2d 764, 787 (11th Cir.1991).

On the record here, the district court did not abuse its discretion in finding that O'Boyle's § 1983 and state law claims against the Defendants were frivolous. For starters, the district court determined that O'Boyle did not, and could not, establish a prima facie case against the Defendants for his federal civil rights claims, nor any basis to sue Thrasher and Ward individually under state law.  In addition, the district court dismissed the amended complaint with prejudice.  We affirmed on appeal, concluding that the district court had not erred in dismissing O'Boyle's claims.  O'Boyle, 2016 WL 158757, at *2-*6.

Indeed, not only were the factual allegations in the amended complaint insufficient to state a claim, but they were not "meritorious enough to receive careful attention and review."  Busby, 931 F.2d at 787.  As our opinion explained, his Fourth Amendment and state law claims arose out of allegations that: (1) once, when O'Boyle went to Gulf Stream Town Hall to take air samples and videotape,

4

O'Boyle handed town officials a New Jersey court order purportedly granting him permission to videotape while in public buildings -- and he then immediately changed his mind and wanted the order back when the Chief of Police sought to photocopy it; (2) during his interaction with the Chief of Police, he was escorted to leave; and (3) once, when O'Boyle went to Town Hall to retrieve public records, and again videotape, he got into an argument with the Town Manager, who "stuck his nose" in the camera.  O'Boyle, 2016 WL 158757, at *1-*2. These allegations do not begin to state a Fourth Amendment or state law assault and battery claim. In fact, when the district court dismissed the Fourth Amendment claims it found it unnecessary to address whether the town officials were protected by qualified immunity.

Moreover, the Defendants never offered to settle the case.  See Sayers v. Stewart Sleep Center, Inc., 140 F.3d 1351, 1354 (11th Cir. 1998).  Nor did the case come anywhere close to trial.  Rather, the district court dismissed the amended complaint well before trial when it granted the Defendants' motion for dismiss -- even before the Defendants had filed their reply in support of the motion to dismiss.  On this record, we simply cannot say that the district court abused its discretion in finding O'Boyle's amended complaint to be frivolous, or in deciding to award fees.

**AFFFIRMED**.

5