**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ARTHUR CLEMENS, JR.,
　　　*Plaintiff-Appellee/*
　　　*Cross-Appellant*,

　　　v.

CENTURYLINK INC.,
　　　*Defendant*,

　　　and

QWEST CORPORATION,
　　　*Defendant-Appellant/*
　　　*Cross-Appellee.*

Nos. 15-35160
　　　15-35183

D.C. No.
2:13-cv-01793-JPD

OPINION

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Argued and Submitted October 2, 2017
Seattle, Washington

Filed November 3, 2017

Before: Kim McLane Wardlaw, Richard R. Clifton,
and John B. Owens, Circuit Judges.

Opinion by Judge Owens

## SUMMARY[*]

### Labor Law

The panel vacated the district court's order denying the plaintiff a tax adjustment of a damages award in a Title VII case.

Agreeing with the Third, Seventh, and Tenth Circuits, the panel held that in Title VII cases, district courts have discretion to award the equitable relief of a "gross-up" adjustment to compensate for increased income-tax liability resulting from a plaintiff's receipt of a back-pay award in one lump sum.

The panel remanded the case for further proceedings. It addressed other issues in a concurrently filed memorandum disposition.

### COUNSEL

Eric D. Miller (argued) and James Sanders, Perkins Coie LLP, Seattle, Washington, for Defendant-Appellant/Cross-Appellee.

Alexander J. Higgins (argued), Law Offices of Alex J. Higgins, Seattle, Washington; Rebecca E. Ary, Law Office of Rebecca E. Ary, Seattle, Washington; Daniel F. Johnson,

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Breskin Johnson & Townsend, Seattle, Washington; for Plaintiff-Appellee/Cross-Appellant.

## OPINION

OWENS, Circuit Judge:

Arthur Clemens, Jr., sued his employer Qwest Corporation ("Qwest") for Title VII violations. A jury awarded damages for back pay and emotional distress, as well as punitive damages. On appeal, Clemens challenges the district court's refusal to consider adjusting his lump-sum back-pay award to account for the corresponding increase in his tax liability. We have jurisdiction under 28 U.S.C. § 1291. We vacate the district court's order denying a tax adjustment and remand for further proceedings.[1]

## I.  FACTS AND PROCEDURAL HISTORY

In 2008, Qwest initiated disciplinary proceedings against Clemens, a long-time employee and active union member. For a period longer than the American Civil War, Clemens and Qwest contested his work performance in internal proceedings and interviews, in arbitration, and before the Washington State Human Rights Commission.

In September 2013, Clemens sued Qwest for race discrimination and retaliation in violation of Title VII (42 U.S.C. §§ 2000e *et seq.*). After removal from state to

---

[1] A concurrently filed memorandum disposition resolves Qwest's challenges to the jury's verdict and affirms the district court in those respects.

federal court, the parties consented to a jury trial before a magistrate judge. The jury found for Clemens on his retaliation claim and awarded him over $157,000 for lost wages and benefits, over $275,000 for emotional distress, and $100,000 in punitive damages. The district court reduced the latter two awards to $300,000 to comply with Title VII's cap on compensatory and punitive damages. *See* 42 U.S.C. § 1981a(b)(3)(D).

The district court also granted Clemens's motions for attorney's fees and, in part, an interest award. However, it denied his request for a "tax consequence adjustment" or "gross up" to compensate for increased income-tax liability resulting from his receipt of his back-pay award in one lump sum. The district court explained that "[g]iven the lack of authorization from the Ninth Circuit, the split among other Circuits on this issue, and the parties' disagreement regarding an appropriate methodology for calculating the tax consequences of a lump sum payment," it declined "to exercise its discretion to 'gross up' plaintiff's damages award." Clemens now challenges that decision.

## II.  DISCUSSION

### A.  Standard of Review

Whether Title VII permits gross-up adjustments is a legal question which we review de novo. *See, e.g.*, *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1131 (9th Cir. 2009).

### B.  Title VII Grants Courts The Authority To Award Back-Pay "Gross Ups"

Title VII exists in large part "to make persons whole for injuries suffered on account of unlawful employment discrimination." *Albemarle Paper Co. v. Moody*, 422 U.S.

405, 418 (1975); *accord, e.g.*, *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1069 (9th Cir. 2004) ("Title VII's central statutory purpose is eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination." (internal quotation marks omitted)); *Kraszewski v. State Farm Gen. Ins. Co.*, 912 F.2d 1182, 1184–86 (9th Cir. 1990) (endorsing granting of equitable relief under Title VII where it is "necessary to put the victim in the place he would have been—to make him whole"); *Thorne v. City of El Segundo*, 802 F.2d 1131, 1133–34 (9th Cir. 1986) (to the same effect). And Title VII provides courts with considerable equitable discretion to ensure adequate compensation. *See* 42 U.S.C. § 2000e-5(g)(1) (authorizing "any other equitable relief as the court deems appropriate"); *see also, e.g.*, *Albemarle*, 422 U.S. at 418–21; *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 364–65 (1977) (confirming that Title VII "vest[s] broad equitable powers in . . . courts"); *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 763–64 (1976) (same); *EEOC v. Gen. Tel. Co. of the Nw.*, 599 F.2d 322, 334–35 (9th Cir. 1979) ("Congress armed the courts with full equitable powers in Title VII cases. . . . The courts will be alert to adjust their remedies so as to grant the necessary relief.").

Indeed, we recently reiterated that "[i]t is the historic purpose of equity to secure complete justice," and that "[i]n the context of a claim brought under a federal statute intended to combat discrimination, the phrase 'complete justice' has a clear meaning: 'the [district] court has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future.'" *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 873 (9th Cir. 2017) (some alterations in *Bayer*) (footnote, citations, and some internal quotation marks omitted) (quoting *Gen. Tel.*

*Co.*, 599 F.2d at 334, and *Albemarle*, 422 U.S. at 418); *see also Kraszewski*, 912 F.2d at 1185–86. Back pay is one manifestation of this principle, *see Loeffler v. Frank*, 486 U.S. 549, 558 (1988), as is prejudgment interest on back-pay awards, *see id.* at 557 (recognizing that the courts of appeals unanimously hold "that Title VII authorizes prejudgment interest as part of [back-pay awards]").

But unfortunately for successful Title VII plaintiffs, back-pay awards are taxable. *See Comm'r v. Schleier*, 515 U.S. 323, 327 (1995); *see also* 26 U.S.C. § 104(a)(2) (restricting income-tax exclusion for personal-injury awards to those "received . . . on account of personal *physical* injuries or *physical* sickness" (emphasis added)). And a lump-sum award will sometimes push a plaintiff into a higher tax bracket than he would have occupied had he received his pay incrementally over several years. Clemens claims that very side effect here. He argues that the taxman's expanded cut effectively denies him what Title VII promises—full relief that puts Clemens where he would be had the unlawful employment discrimination never occurred.

As the district court recognized, we are not the first tribunal to confront this issue. The Third, Seventh, and Tenth Circuits have all held that district courts have the discretion to "gross up" an award to account for income-tax consequences. *See Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 440–43 (3d Cir. 2009) ("[A] district court may, pursuant to its broad equitable powers granted by [42 U.S.C. § 2000e-5], award a prevailing employee an additional sum of money to compensate for the increased tax burden a back pay award may create."); *EEOC v. N. Star Hosp., Inc.*, 777 F.3d 898, 903–04 (7th Cir. 2015) (agreeing with Third and Tenth Circuits that "without the tax-component award,

[the plaintiff] will not be made whole, a result that offends Title VII's remedial scheme"); *Sears v. Atchison, Topeka & Santa Fe Ry., Co.*, 749 F.2d 1451, 1456–57 (10th Cir. 1984) (upholding a tax gross up because under Title VII, "the trial court has wide discretion in fashioning remedies to make victims of discrimination whole"); *see also* Thomas R. Ireland, *Tax Consequences of Lump Sum Awards in Wrongful Termination Cases*, 17 J. Legal Econ. 51, 53–54 (2010) (explaining the circuits' approaches to equitable tax adjustments).

The D.C. Circuit, however, does not permit such gross ups. In a per curiam opinion (and a mere one paragraph), it rejected gross ups because it knew "of no authority for such relief" and "[g]iven the complete lack of support in existing case law for tax gross-ups," it "decline[d] so to extend the law in this case." *Dashnaw v. Pena*, 12 F.3d 1112, 1116 (D.C. Cir. 1994) (per curiam), *abrogated on other grounds by Rann v. Chao*, 346 F.3d 192, 197–98 (D.C. Cir. 2003). Of course, that paragraph ignored the Tenth Circuit's decision in *Sears* and the Supreme Court's reasoning in cases like *Albemarle*, *Loeffler*, and *Franks*, as well as Title VII's equitable underpinnings.

We join the thoughtful analysis of the Third, Seventh, and Tenth Circuits, and reject the matchbook musings of the D.C. Circuit. In so doing, we also agree with those courts that the decision to award a gross up—and the appropriate amount of any such gross up—is left to the sound discretion of the district court. As the Third Circuit put it, "we do not suggest that a prevailing plaintiff in discrimination cases is presumptively entitled to an additional award to offset tax consequences . . . . The nature and amount of relief needed to make an aggrieved party whole necessarily varies from case to case," *Eshelman*, 554 F.3d at 443, and the

"circumstances peculiar to the case" drive that decision, *id.* (quoting *Albemarle*, 422 U.S. at 424).

There may be many cases where a gross up is not appropriate for a variety of reasons, such as the difficulty in determining the proper gross up or the negligibility of the amount at issue. In any case, the party seeking relief will bear the burden of showing an income-tax disparity and justifying any adjustment. We express no opinion on whether a gross up is appropriate here—that is for the district court to decide on remand.

Acknowledging the circuit split, Qwest puts up little resistance to the majority view. It argues for the first time on appeal that monetary relief is legal, not equitable. That argument is both waived, *see Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the district court."), and at odds with the controlling Title VII case law discussed above. Qwest also suggests that only a jury can award a back-pay tax adjustment—another argument that is both waived because it is made to our court first, *see id.*, and wrong under Title VII case law, *see Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1068–69 (9th Cir. 2005) ("[T]here is no right to have a jury determine the appropriate amount of back pay under Title VII . . . . Instead, back pay remains an equitable remedy to be awarded by the district court in its discretion.").

Qwest finally argues that the district court did exercise its discretion in refusing Clemens a tax gross up. While we appreciate that the district court's ruling on this issue was somewhat opaque, what is clear is that the court declined to consider a gross up in part because the Ninth Circuit had never authorized one. Consistent with all of the courts that have thoughtfully addressed this issue, we do so now.

The district court's order denying an adjustment is vacated and the case remanded for further proceedings.

**VACATED AND REMANDED.**